CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| FELIX ROCHE, ) | |
|     Petitioner, ) | Civil Action No. 7:05-cv-00501 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| B. A. BLEDSOE, WARDEN, ) | By: Hon. James C. Turk |
|     Respondent. ) | Senior United States District Judge |

Petitioner Felix Roche, a federal inmate at the United States Prison in Lee County, Virginia, proceeding brings this action, pro se, as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. Roche asserts that he is entitled to relief under §2241 and the "savings clause" of 28 U.S.C. §2255 from his 1997 conviction and sentence in the United States District Court for the District of New Jersey for racketeering conspiracy related to heroine trafficking. Upon review of the petition, the court concludes that Roche has failed to demonstrate entitlement to relief under §2241 and that his petition must be construed, filed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence, pursuant to §2255.

I.

Roche states that after his conviction, he appealed to the United States Court of Appeals for the Third Circuit, which affirmed his conviction and sentence on March 13, 1998. Roche also states that he challenged this conviction by filing a motion to vacate, set aside or correct sentence, pursuant to §2255, in the sentencing court, which was denied in December 1999. The United States Court of Appeals for the Third Circuit later denied Roche's application to file a second or successive §2255 motion, based on the same "newly discovered evidence" that he presents in his current §2241 petition. In the instant petition, Roche asserts that newly discovered material evidence, withheld from his trial counsel and favorable to his defense, proves

1

that he is innocent of murdering Eric Coleman, an act that the government charged in the indictment as part of the racketeering enterprise for which Roche stands convicted. Roche also asserts in a second ground for relief under §2241 that his concurrent life sentences are unconstitutional because the jury did not find all relevant sentencing facts beyond a reasonable doubt, as required under recent precedent of the United States Supreme Court. See Blakely v. Washington, 124 S. Ct. 2531 (2004); United States v. Booker, 125 S. Ct. 738 (Jan. 12, 2005).

II.

A district court may not entertain a §2241 petition challenging the validity of an inmate's federal conviction and or sentence unless a motion pursuant to §2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). The Fourth Circuit has found that §2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to §2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Roche argues that his remedy under §2255 was inadequate or ineffective to test the legality of his detention because he is actually innocent of the 1994 murder of Eric Coleman and

2

because the government wrongfully obtained his conviction through failing to disclose this material evidence, in violation of Brady principles. The court concludes, however, that dismissal of his previous §2255 and the other issues Roche raises do not demonstrate under Jones that the remedy available to him under §2255 is inadequate. The types of claims Roche now raises could have been raised and addressed in his previously filed §2255 motion to test the legality of his confinement. Moreover, Roche does not point to any recent change of substantive law, and the court is unaware of any such precedent, making it legal to engage in a racketeering conspiracy to traffic in heroine. The new case law to which Roche refers–Apprendi, Blakely, and Booker-- does not render his offense conduct noncriminal.

Most importantly, the United States Court of Appeals for the Fourth Circuit has not identified "newly discovered evidence" of any kind as an instance in which a motion under §2255 would be inadequate; rather, such evidence can provide grounds for an appeals court to allow an inmate to file a successive §2255 motion. The fact that the Third Circuit Court of Appeals did not find Roche's evidence to warrant certification of a successive §2255 motion clearly cannot provide basis for this court to address such a claim under §2241. Based on the foregoing, the court concludes that as Roche fails to meet the Jones standard to show that §2255 is inadequate to test the legality of his conviction and sentence, his claims cannot be addressed under §2241.

III.

As the court may not consider Roche's claims under §2241, the court will construe his petition as a §2255 motion. Section 2255 motions must be brought in the court that imposed the sentence. See 28 U.S.C. § 2255; see also Swain, 430 U.S. at 378. To file a second such motion

3

in the district court, petitioner must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. §2255, ¶ 8. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive §2255 motion, no district court has jurisdiction to consider the merits of his §2255 claims.

This court could transfer Roche's §2255 motion to the District of New Jersey, where he was sentenced. Roche's §2255 motion is clearly successive, however, as he admits that the sentencing court denied his previous §2255 petition in 1999. Roche admits that he has not obtained pre-filing authorization from the United States Court of Appeals for the Third Circuit to file a successive §2255 motion. This court cannot find that transfer of a clearly successive §2255 motion to the sentencing court furthers the interests of justice or judicial economy. Accordingly, this court declines to transfer Roche's motion and dismisses it without prejudice.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253©. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

4

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 13th day of September, 2005.

/s/ James C. Turk
Senior United States District Judge